IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARLES CONNER,           *

Plaintiff                 *

v                         *     Civil Action No. PWG-18-2432

MARYLAND STATE POLICE,    *

Defendants                *
                        ***

## MEMORANDUM OPINION

This civil rights complaint was filed on August 8, 2018, by Charles Conner, a Maryland state inmate. Complaint, ECF No. 1. Plaintiff has filed a Motion for Leave to Proceed *in Forma Pauperis* (ECF No. 4), which will be granted.

In his initial Complaint, Plaintiff alleged a Maryland State Police officer arrested him in September 2017 on "a warrant that was not [supposed] to be served." Complaint 1. Plaintiff was later released. *See id.* The Complaint asserts: "This is false [im]prisonment, def[amation] of character, 4 days of my life interrupted for a false warrant." *Id.*

Because the Complaint did not state a cognizable claim or name a proper Defendant, I accorded him an opportunity to amend the Complaint. *See* ECF No. 3. I directed him to provide the "name of individuals whom he claims are responsible for the alleged wrongdoing; the date of the alleged incidents; and the facts supporting his claim." *Id.* Plaintiff filed supplemental pleadings (ECF Nos. 5, 6) indicating he was "falsely arrested" on September 10, 2017, by Jeffery Chase, who Plaintiff indicates was either a Maryland state trooper or Wicomico County Sheriff's Department employee. ECF No. 5. Plaintiff indicates Chase pulled him over and "ran [his] name."

*Id.* The sum and substance of Plaintiff's claim is that Chase "falsely arrested [him] for a[n] inaccurate parole retake warrant." September 17, 2018 Supplement 2, ECF No. 6.

As noted, Plaintiff filed his complaint *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious or that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). This Court is mindful of its obligation to liberally construe self-represented pleadings, such as the Complaint here. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

The Fourth Amendment protects citizens from unreasonable searches and seizures. *See Terry v. Ohio*, 392 U.S. 1, 8-9 (1968). To state a claim under § 1983 for false arrest, Plaintiff must show that his arrest was made without probable cause. *See Street v. Surdyka*, 492 F.2d 368, 372-73 (4th Cir. 1974). Probable cause exists if "at that moment the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [individual] had committed or was

committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964) (citation omitted). A probable cause determination is governed by a totality-of-the-circumstances test. *See Illinois v. Gates*, 462 U.S. 213, 241 (1983); *United States v. Garcia*, 848 F.2d 58, 59-60 (4th Cir. 1988). Whether probable cause to arrest exists is based on information the police had at the time of the arrest. *Id.*

"Not every mix-up in the issuance of an arrest warrant, even though it leads to the arrest of the wrong person with attendant inconvenience and humiliation, automatically constitutes a constitutional violation for which a remedy may be sought under 42 U.S.C. § 1983." *Thompson v. Prince William Cty.*, 753 F.2d 363, 364 (4th Cir. 1985). "[A] public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998) (citing *Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178 (4th Cir. 1996)); *see also Campbell v. Fitzsimmons*, No. 8:09-2249-TLW, 2009 WL 4984297, at *4 (D.S.C. Dec. 11, 2009) (finding the plaintiff's false arrest claim failed because the arrest warrant bore the signature of a judge and appeared to state that the victim identified the plaintiff as the perpetrator, rendering the warrant facially valid). Rather, the Fourth Circuit has stated that "a claim for false arrest may be considered only when no arrest warrant has been obtained." *Porterfield*, 156 F.3d at 568. Here, Plaintiff's Complaint appears to acknowledge that the arresting officer relied on a warrant. *See* Complaint 1. There is no indication that the warrant was facially invalid – only that it was "inaccurate," September 17, 2018 Supplement 2, and "was not [supposed] to be served," Complaint 1. Plaintiff does not allege the officer had any reason to know the warrant was invalid. As such, Plaintiff's case cannot proceed. The Complaint is hereby dismissed.

A separate Order follows.

12/20/2018
Date

Paul W. Grimm
United States District Judge

3